# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

JEFFREY BOLDEN,             )
                               )
       Petitioner,          )
                               )     Case No. 14-0582-CV-W-DGK-P
       vs.                 )
                               )
RONDA PASH,[1]            )
                               )
       Respondent.     )

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING THE ISSUANCE OF A CERTIFICATE OF APPEALABILITY

Petitioner, a convicted state prisoner currently confined at the Crossroads Correctional Center in Cameron, Missouri, has filed *pro se* a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2009 convictions and sentences for second degree felony murder and second degree assault, which were entered in the Circuit Court of Boone County, Missouri, on a change of venue from Greene County, Missouri. Petitioner's conviction and sentence was affirmed on direct appeal. *State v. Bolden*, 330 S.W. 3d 868 (Mo. Ct. App. 2011). Petitioner filed a motion for post-conviction relief pursuant to Mo. Sup. Ct. R. 29.15, the denial of which was affirmed on appeal thereof. *Bolden v. State*, 413 S.W.3d 658 (Mo. Ct. App. 2013).

Petitioner currently raises two (2) grounds for relief: (1) his conviction violates the Due Process Clause because Mo. Rev. Stat. § 565.082 does not give adequate and fair notice that petitioner's assault on hospital staff Ruby constituted an attack on emergency personnel in violation of the state criminal law; and (2) his convictions of both felony murder and second degree assault violate the "merger doctrine" because petitioner's act of kicking the victim in the head, which formed the basis for the

---

[1] Because Larry Denney is no longer the Warden of CRCC, current Warden Ronda Pash will be substituted for Larry Denney as respondent.

assault, was the same act that caused the victim's death, which merged into the homicide. Doc. No. 1, pp. 16, 18.

Respondent argues that the factual bases for petitioner's claims were available at the time of trial and discoverable through the exercise of due diligence and that petitioner procedurally defaulted the two above grounds for relief because they are not the same legal arguments that petitioner raised in the state courts on either direct appeal or in his post-conviction proceeding. Moreover, petitioner also failed to raise such claims in his post-conviction appeal. Respondent also argues that petitioner cannot overcome his state procedural default because petitioner has failed to show actual cause for and prejudice resulting from his default or that he is actually innocent. Doc. No. 9, pp. 5-8.

## FACTUAL BACKGROUND

In affirming petitioner's convictions and sentences, the Missouri Court of Appeals set forth the following facts:

> The facts are undisputed. On August 2, 2008, Springfield police responded to a call that Bolden had doused himself in gasoline. When the police arrived at the scene, Bolden fled. The police called in a canine unit to locate Bolden. While being apprehended, Bolden was bitten by the canine tracking unit and required medical attention.
>
> An ambulance was called. Before Bolden was placed in the ambulance, his shorts were cut off and he was rinsed off with water to dilute the gasoline. At this point, Bolden was nude and restrained with handcuffs. Bolden refused to cover up with an offered sheet and instead attempted to masturbate. Bolden was eventually loaded into the ambulance, though he was calling out obscenities and struggling with the police and paramedics.
>
> Bolden was taken to the Cox North emergency room. In route to the emergency room, the paramedics informed the hospital staff that Bolden was "very violent." Security personnel, Ruby and Robert Wheatley ("Wheatley"), were waiting when Bolden arrived. While custody was being transferred from the paramedics to the hospital staff, Bolden was kicking and bucking off the hospital cot.
>
> After he was transferred to the hospital staff, Bolden continued to resist, yelling and threatening staff. Bolden "zeroed in" on Ruby and began making derogatory remarks

2

to Ruby.  Ruby did not respond.  Bolden was restrained by handcuffs attached to the side rails on the hospital bed.

Doctors attempted to treat Bolden's dog bite, but he continued to resist.  Bolden was prepared for transfer to Cox South hospital for surgery.  While awaiting transfer, Ruby, Wheatley, Price (the acting major crime investigator for the Springfield police department), and two nurses stayed near Bolden's room.  Bolden continued to verbally insult the staff and repeatedly kicked off his sheet, exposing himself to the female nurses and attempting to masturbate.

Ruby went into Bolden's room to cover Bolden.  Ruby held Bolden's head down, with one cheek against a pillow.  Ruby instructed Bolden to calm down.  Bolden told Ruby to get his hands off him and to quit chocking him.  Ruby let go of Bolden's head and turned to walk away.  Bolden twisted his lower torso and kicked Ruby in the back of the head.  Ruby stumbled forward and caught himself.  Ruby steadied himself and assisted Price, Wheatley, and another security officer in holding Bolden down until leg restraints could be applied.  After Bolden had been restrained, Ruby began to exit the room and his knees buckled.  Nurses caught Ruby and put him on a stretcher.  Subsequent test revealed massive, inoperable bleeding in the brain, which ultimately resulted in Ruby's death.

*Bolden v. State*, 413 S.W. 3d at 659-60.

## PROCEDURAL BAR

"A habeas petitioner is required to pursue all available avenues of relief in the state courts before the federal courts will consider a claim."  *Sloan v. Delo*, 54 F.3d 1371, 1381 (8th Cir. 1995), *cert. denied*, 516 U.S. 1056 (1996).  "In order to present a habeas claim to the state court, a prisoner must 'fairly represent' not only the facts, but also the substance of his federal habeas corpus claim."  *Barrett v. Acevedo*, 169 F.3d 1155 (8th Cir. 1999) (citing *Abdullah v. Groose*, 75 F.3d 408, 411 (8th Cir. 1996), *cert. denied*, 517 U.S. 1215 (1996)), *cert. denied*, 528 U.S. 846 (1999).  "If a petitioner fails to exhaust state remedies and the court to which he should have presented his claim would now find it procedurally barred, there is a procedural default."  *Sloan* at 1381.

A review of petitioner's direct appeal brief reveals that petitioner did not raise any of his present claims on direct appeal, where such claims should have been raised.  Respondent's Exhibit C, pp. 14-16.  Rather, petitioner raised the following grounds for relief in his appeal brief from the denial of his Rule

29.15 motion: (1) trial counsel was ineffective for failing to move to dismiss Count Two (second degree assault of emergency personnel) because the victim Ruby was not "emergency personnel" within the meaning of Section 565.082.2, which prejudiced petitioner because there was a reasonable probability that, without the second degree assault charge, there would have been no underlying felony to support the felony murder charge; and (2) appellate counsel was ineffective for failing to argue that the trial court erred in submitting the second degree assault charge to the jury and in entering judgment and sentence because it deprived petitioner of due process in that the victim was merely a hospital security guard rather than "emergency personnel" as required by Section 565.082.2. Respondent's Exhibit H, pp. 13, 15.

Based on the above review of petitioner's claims as presented in his direct appeal and in his Rule 29.15 motion and appeal from denial thereof, petitioner procedurally defaulted his current Ground 1 because he did not "fairly present" the same due process claims he raises in this Court to the state courts. *See Barrett,* 169 F.3d at 1161-62 (recognizing that presenting a state claim that is merely similar to the federal habeas corpus claim is not sufficient to satisfy the fairly presented requirement). Although petitioner raised ineffective assistance of trial counsel for failing to argue that the victim did not fall within the statutory definition of "emergency personnel" in his Rule 29.15 proceedings, petitioner did not raise a claim that Section 565.082 violated his due process rights as he currently asserts in Ground 1 in this federal habeas proceeding. Moreover, petitioner procedurally defaulted his current Ground 2 because he never raised a claim that his convictions for both felony murder and second-degree assault violated the "merger doctrine" in any of his state court proceedings.

A federal court may not review procedurally defaulted claims "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."

4

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Petitioner admits in his reply to respondent's response (Doc. No. 21, p. 8), that he did not raise his statutory due process and "merger doctrine" claims in his direct appeal. Petitioner generally states, however, that he raised the ineffectiveness of trial and appellate counsel in his motion for post-conviction relief filed pursuant to Rule 29.15. Petitioner argues that he cited to the Due Process Clause in his Rule 29.15 brief and that his ineffective assistance of counsel claims in his Rule 29.15 motion are "modest modifications of legal theories" that "do not run afoul of exhaustion requirement so long as such variation does not change the ultimate question" as allowed in *King v. Kemna*, 266 F. 3d 3d 826 (8th Cir. 2001)(Heaney, J. dissenting), and "did not change the ultimate question of whether Section 565.082 was applied to petitioners [sic] unconstitutionally." Doc. No. 21, p. 7. Therefore, petitioner argues that he "did all he could do to present his claims in a fair and timely manner. . . ." Doc. No. 21, p. 8.

The *King* case petitioner cites does not change the fact that petitioner did not present the same legal claims to the state courts as he presents in his federal petition, *see Sweet v. Delo*, 125 F. 3d 1144, 1149 n. 12 (8th Cir. 1997), and that his trial and appellate counsel were not ineffective for failing to raise such claims in the state courts. "In order for ineffective assistance of counsel to itself be cause to excuse a procedural default, the ineffective assistance must rise to the level of an independent constitutional violation." *Evans v. Luebbers*, 371 F.3d 438, 445 (8th Cir. 2004) (citing *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000). "Thus, the assistance rendered must have been constitutionally substandard and prejudice must have resulted therefrom." *Evans*, 371 F.3d at 445 (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

In ruling on petitioner's appeal from the denial of Rule 29.15 relief, the Missouri Court of Appeals, Western District, cited to the *Strickland* standard and set forth the wording of the statute petitioner challenges:

5

Section 565.082.1(2) provides:

1. A person commits the crime of assault . . . emergency personnel . . . in the second degree if such person:

(2) Knowingly causes or attempts to cause physical injury to . . . emergency personnel . . . by means other than a deadly weapon or dangerous instrument[.]

Section 565.082.2 defines "emergency personnel" as follows:

2. As used in this section, "emergency personnel" means any paid or volunteer firefight, **emergency room or trauma center personnel**, or emergency medical technician as defined in subdivisions (15), (16), and (17) or section 190.100, RSMo.

Respondent's Exhibit J, pp. 6-7.

The state appellate court described the testimony of petitioner's trial counsel and appellate counsel at the Rule 29.15 post-conviction hearing, stating that neither of them believed there was merit to an argument that the victim was not "emergency personnel" as defined in Section 565.082.2. Respondent's Exhibit J, p. 7. Then, the state appellate court proceeded to state the reasons why it agreed with the state motion court's findings and conclusions that Ruby (the victim) was "emergency personnel" within the plain meaning of Section 565.082.2 and that

"[n]either trial counsel nor appellate counsel can be held ineffective for failing to challenge the charge of assault or the sufficiency of the evidence to support a conviction that Ruby was not 'emergency personnel.' *See State v. Hunter*, 840 S.W. 3d 850, 870 (Mo. banc 1992) (motion court not clearly erroneous in finding counsel was not ineffective for failing to investigate and file a meritless motion); *Tisius v. State*, 183 S.W. 3d 207, 217 (Mo. banc 2006) (counsel not ineffective for failing to make a meritless objection); *Cone v. State*, 316 S.W. 3d 412, 416 (Mo. App. W.D. 2010) (motion court did not err in finding that neither trial counsel nor appellate counsel was ineffective for failing to bring a meritless claim of breach of due process); *Bryan v. State*, 134 S.W. 3d 795, 801 (Mo. App. S.D. 2004) (appellate counsel not ineffective for failing to raise meritless issues as the result would not have changed and conviction would not have been reversed).

Respondent's Exhibit J, p. 12.

This Court concludes that petitioner has failed to demonstrate legally sufficient cause for and actual prejudice resulting from his state procedural default of Ground 1 because he has failed to show

6

that either trial counsel or direct appeal counsel were constitutionally ineffective under *Strickland, supra,* for the reasons discussed by the state courts. As to Ground 2, petitioner has failed to state any cause for his state procedural default thereof or demonstrate actual prejudice resulting from therefrom.

Petitioner also has failed to show that a fundamental miscarriage of justice will result if his defaulted claims are not considered. *See Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006) (petitioner must present new evidence that affirmatively demonstrates that he is actually innocent of the crime for which he was convicted in order to fit within the fundamental miscarriage of justice exception), *cert. denied*, 549 U.S. 1036 (2006).

## A CERTIFICATE OF APPEALABILITY WILL BE DENIED

Under 28 U.S.C. § 2253(c), the Court may issue a certificate of appealability only "where a petitioner has made a substantial showing of the denial of a constitutional right." To satisfy this standard, a petitioner must show that a "reasonable jurist" would find the district court ruling on the constitutional claim(s) "debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 276 (2004). Because petitioner has not met this standard, a certificate of appealability will be denied. *See* 28 U.S.C. § 2254, Rule 11(a).

Accordingly, it is **ORDERED** that:

(1) Ronda Pash is substituted for Larry Denney as the proper respondent in this case;

(2) the petition for writ of habeas corpus is denied;

(3) the issuance of a certificate of appealability is denied; and

(4) this case is dismissed with prejudice.

/s/ Greg Kays
GREG KAYS
CHIEF UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated: January 13, 2015.

7